IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRYL SWINT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KAREN WILLIAMS, et al., )<br>)<br>Respondents. ) | CASE NO. 2:24-cv-184-RAH-CSC<br>(WO) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This case is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Alabama inmate Darryl Swint on March 21, 2024. Doc. 1[1]. Swint challenges his convictions in Barbour County on charges of first-degree assault and promoting prison contraband. Doc. 1 at p. 1.[2] For the reasons that follow, the Magistrate Judge recommends that Swint's § 2254 petition be dismissed as a successive petition filed without the required appellate court authorization.

---

[1] He attaches to this handwritten petition, a Rule 32 Form, (doc. 1-1), which this court has previously advised him is the incorrect form for filing in this court. Rather, the court's 2254 form requires the appropriate information from a Petitioner seeking to challenge a state court conviction in federal court. *See, Swint v. Bolling,* 2:17-cv-0088-WHA-CSC, Doc. 10 at 1-2.

[2] These cases have been more completely identified in Petitioner's previous 2254 Petition filed in this court as CC-2000-163 and CC-2000-164. *See, Swint v. Bolling,* 2:17-cv-0088-WHA-CSC, Doc. 10 at 5.

## II. DISCUSSION

This is Swint's third habeas petition under 28 U.S.C. § 2254 challenging his 2001 Bullock County convictions and sentence. Swint filed his first § 2254 petition in the Northern District of Alabama. *See, Swint v. State of Alabama,* Case No. 2:16-cv-517-MHH-JEO (N.D. Ala. 2017). On June 14, 2017, the Northern District denied Swint's petition as time-barred under the one-year limitation period in 28 U.S.C. § 2244(d)(1) and dismissed the case with prejudice. *See id.*, docs. 23 and 41. In his second § 2254 petition filed in in this court, the court, citing to the previous dismissal of Petitioner's action in the Northern District, dismissed the second petition as successive, and for other reasons not relevant here . *See Swint v. Bolling*, Case No. 2:17-cv-0088-WHA-CSC (M.D. Ala. 2017), doc. 10 at 6-9.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[3] 28 U.S.C. § 2244(b)(3)(B), (C).

---

[3] Section 2244(b)(1) provides:

As a matter of law, dismissal of a § 2254 petition on statute-of-limitations grounds constitutes an adjudication on the merits for purposes of § 2244(b)(3)'s second-or-successive-petition requirements. *See, e.g., Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that a prior untimely petition counts for § 2244(b) purposes because "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims") (followed in *Cogman v. Crow*, 2018 WL 5624299, at *2 (M.D. Ala. 2018)).

Swint's § 2254 petition is a successive petition subject to the limitations of § 2244(b). Swint furnishes no certification from the Eleventh Circuit Court of Appeals authorizing the Court to proceed on his successive petition for habeas corpus relief.

---

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
28 U.S.C. § 2244(b)(1).
Section 2244(b)(2) provides:
A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
28 U.S.C. § 2244(b)(2).

"Because this undertaking [is a successive] habeas corpus petition and because [Swint] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . .the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, this petition for writ of habeas corpus should be dismissed for lack of jurisdiction.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Swint's 28 U.S.C. § 2254 petition (Doc. 1) be DISMISSED for lack of jurisdiction, as Swint has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that **by June 20, 2024,** Petitioner may file objections to the Recommendation. Petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

   DONE on this 5th day of June 2024.

                              /s/ Charles S. Coody
                              **CHARLES S. COODY**
                              **UNITED STATES MAGISTRATE JUDGE**